J-A06030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROMAN ELLIS | : | |
| | : | |
| Appellant | : | No. 343 WDA 2023 |

Appeal from the PCRA Order Entered February 14, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006360-1994

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROMAN ELLIS | : | |
| | : | |
| Appellant | : | No. 344 WDA 2023 |

Appeal from the PCRA Order Entered February 14, 2023
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007677-1994

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: April 5, 2024**

Roman Ellis appeals from the order entered in the Allegheny County Court of Common Pleas on February 14, 2023, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, as untimely. For the reasons discussed below, we find the PCRA court properly denied Ellis relief and affirm.

In 1994, Ellis was charged at docket CP-02-CR-0006360-1994 with one count of homicide, and at docket CP-02-CR-0007677-1994 with burglary, robbery, aggravated assault, unlawful restraint, terroristic threats, and firearms not to be carried without a license. The court later granted a defense request for judgment of acquittal on the terroristic threats charge.

In April 1995, following a jury trial, Ellis was found guilty of second-degree murder at docket CP-02-CR-0006360-1994, and all remaining charges at docket CP-02-CR-0007677-1994.

On June 22, 1995, the trial court sentenced Ellis to a mandatory life sentence without parole for the murder conviction, and a consecutive five to ten years' incarceration for the aggravated assault conviction. The court imposed no further penalty on the remaining convictions. This Court affirmed the judgment of sentence on direct appeal. *See Commonwealth v. Ellis*, 700 A.2d 948 (Pa. Super. 1997). The Supreme Court of Pennsylvania denied allowance of appeal on August 5, 1998.

On August 31, 1998, Ellis filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition. The PCRA court subsequently dismissed the petition. This Court affirmed the dismissal on appeal. *See Commonwealth v. Ellis*, 748 A.2d 768 (Pa. Super. 1999). The Supreme Court of Pennsylvania denied allowance of appeal on August 23, 2000.

In August 2022, Ellis filed a request for a copy of his criminal docket sheet with the clerk of courts. In the request, Ellis referenced a writ of *audita*

*querela*[1] that he alleged to have sent to the court on July 8, 2022. This writ does not appear in the certified record, nor does such a filing appear on the docket. However, on December 1, 2022, the Commonwealth filed an "Answer to Writ of Audita Querela", apparently at the direction of the trial court. In its answer, the Commonwealth argued the writ should be construed as a PCRA petition. Accordingly, the Commonwealth argued the petition is untimely and Ellis failed to plead and prove an exception to the PCRA time-bar. Further, the Commonwealth found that the claims asserted were waived and/or previously litigated. Ellis thereafter filed a motion to strike the Commonwealth's Answer.

_____

[1]*Audita querela* is defined as "[a] writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." BLACK'S LAW DICTIONARY 150 (9th ed. 2009).*Audita querela* is latin for "the complaint having been heard".This writ "permits a defendant who has had a judgment rendered against him to seek relief from the consequences of such a judgment where there is some new evidence not previously available and carrying out the judgment would be contrary to justice." **Ettelman v. Com., Dept. of Transp., Bureau of Driver Licensing**, 92 A.3d 1259, 1263 (Pa. Cmwlth. Ct. 2014).

> While it appears that the writ of *audita querela* has not been abolished in the Commonwealth, our Supreme Court has held that [w]herever audita querela would have been available at common law, as a general rule, relief may now be obtained on motion, ... [and] ordinarily the better practice is to proceed by way of motion upon notice to the adverse party.

**Id.**(citation and internal quotation marks omitted).

The PCRA court, concluding Ellis's claims may be remedied via the PCRA, correctly treated the writ as a PCRA petition[2] subject to the PCRA's timeliness provisions. **See Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he PCRA provides the sole means for obtaining collateral review, and … any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition") (citation omitted). On that basis, the PCRA court determined that Ellis's petition was untimely, and that he had not pled an exception to the time bar. Further, the court agreed that Ellis's claims were waived and/or previously litigated. As such, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, essentially mirroring the reasons set forth in the Commonwealth's Answer. On February 14, 2023, the PCRA court denied the petition and Ellis's motion to strike the Commonwealth's Answer. This timely appeal followed.[3]

---

[2] Ellis does not challenge the treatment of his writ as a PCRA petition.

[3] Ellis's notice of appeal was not docketed until March 21, 2023, past the requisite 30-day appeal period. Nevertheless, pursuant to the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. **See** Pa.R.A.P. 121(a); **Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006). However, to avail oneself of the mailbox rule, a prisoner must supply sufficient proof of the date of the mailing. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (accepting any reasonable verifiable evidence of the date a prisoner places his filing in the control of prison authorities); **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002).

*(Footnote Continued Next Page)*

Prior to reaching the merits of Ellis's claims on appeal, we must first consider the timeliness of his PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Ellis's judgment of sentence became final in November 1998. The instant petition, filed over two decades later, is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Ellis's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

---

Here, Ellis hand-dated the *pro se* notice of appeal on March 13, 2023. Accordingly, we conclude Ellis has provided sufficient proof that he filed a timely notice of appeal under the "prisoner mailbox rule".

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Exceptions to the time-bar must be pled in the PCRA petition, and may not be raised for the first time on appeal. "*Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (citations omitted); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further:

[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, we cannot find that Ellis has met his burden to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. Importantly, the petition does not even appear in the certified

record. Accordingly, we cannot confirm what issues were raised in the petition itself.

Even if we are to give him the benefit of the doubt and assume Ellis raises the same issues in his appellate brief, only the third issue could be construed as an attempt to raise an exception to the time-bar. Ellis claims he meets the requirements of Section 9545(b)(1)(ii), i.e., the newly discovered fact exception to the PCRA's time-bar, based on his discovery that his girlfriend at the time of his trial was allegedly also in a relationship with one of the jurors from Ellis's trial. Ellis asserts this fact is shown by an affidavit signed by his ex-girlfriend.

We note that the affidavit also does not appear in the certified record. Upon review of the record, it is clear that Ellis did not submit the affidavit with his petition. Rather, Ellis submits the affidavit for the first time as an attachment to his appellate brief. As such, the affidavit was never presented to the PCRA court. Accordingly, we cannot consider the affidavit in determining whether or not Ellis met an exception to the PCRA time-bar. **See Burton**, 936 A.2d at 525; **see also** Pa.R.A.P. 302(a).

Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing

source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation and brackets omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted). Further, the "fact" on which the petitioner predicates his claim to an exception to the time-bar must bear some logical connection to a plausible claim for relief. ***See Commonwealth v. Robinson***, 185 A.3d 1055, 1062 (Pa. Super. 2018) (*en banc*).

In any event, an affidavit itself is not a new fact. ***See Commonwealth v. Maxwell***, 232 A.3d 739, 745 (Pa. Super. 2020). Here, the actual "fact" for purposes of Section 9545(b)(1)(ii) is that one of the jurors from Ellis's trial was in a relationship with Ellis's girlfriend at the time of the trial. ***See Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (holding that an affidavit alleging perjury does not satisfy the requirements of the newly discovered fact exception "because the only 'new' aspect of the claim was that a new witness had come forward to testify regarding the previously raised claim.").

The only citation we have from the writ itself is in the Commonwealth's answer to the writ, in which the Commonwealth summarizes Ellis's claim as follows:

> Here, [Ellis] asserts, without further explanation, that he meets
> the exception to the PCRA's time bar delineated in §

9545(b)(1)(ii). [Ellis] claims he "spoke with a guy in the prison yard at SCI Benner[] who told him that he heard that [Ellis's] Ex-Girlfriend was in a relationship with one of the jurors." (Writ of Audita Querela at 5). [Ellis] stated he then called his son to obtain a phone number for Rochelle Griffey, his ex-girlfriend and his son's mother. *Id*. Approximately two months passed before [Ellis] contacted Ms. Griffey, who purportedly confirmed she was in a relationship with the unnamed juror. *Id*. Petitioner asserts he was unaware of this relationship until September 23, 2021. *Id*.

Commonwealth's Answer to Writ of Audita Querela, 12/1/22, at 12.

We cannot find any logical connection between Griffey's alleged confirmation that she was in a relationship with an unnamed juror and any plausible claim for relief.

On appeal, Ellis insinuates the unnamed juror was biased or tainted. ***See*** Appellant's Brief, at 13-14. However, Ellis failed to provide any substance to his allegation. Ellis has not asserted when the "relationship" began, or how long it lasted. Ellis cannot even verify which juror Griffey is alleged to have had a relationship with at the relevant times. Nor is it clear what this alleged "relationship" entailed. Most importantly, Ellis has not asserted that the juror even knew about Griffey's connection to Ellis. While Ellis states that another prisoner told him about the relationship between Griffey and a juror, it is not clear how this prisoner had that information, and why Ellis could not have learned of this information in the more than two decades that passed since the trial.

Therefore, Ellis has failed to plead and prove the newly-discovered fact exception to the PCRA's timeliness requirement. ***See id***. Accordingly, the

PCRA court did not err when it dismissed Ellis's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/05/2024